IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. |
| | : | |
| $2,153,274.60 SEIZED FROM | : | |
| WELLS FARGO BANK ACCOUNT | : | |
| NO. XXXXXX8994 | : | |
| (formerly XXXXXXXXX3766); | : | |
| $1,697,085.05 SEIZED FROM | : | |
| JP MORGAN CHASE BANK ACCOUNT | : | |
| NO. XXXXX6592; | : | |
| $165,923.46 SEIZED FROM | : | |
| JP MORGAN CHASE BANK ACCOUNT | : | |
| NO. XXXXX2249; | : | |
| $45,381.45 SEIZED FROM | : | |
| JP MORGAN CHASE BANK ACCOUNT | : | |
| NO. XXXXXX9680; | : | |
| $67,615.07 SEIZED FROM | : | |
| WELLS FARGO BANK ACCOUNT | : | |
| NO. XXXXXX9000; | : | |
| $30,140.01 SEIZED FROM | : | |
| WELLS FARGO BANK ACCOUNT | : | |
| NO. XXXXXX9018; and | : | |
| $26,035.67 SEIZED FROM | : | |
| WELLS FARGO BANK ACCOUNT | : | |
| NO. XXXXXX8978; | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR FORFEITURE**

Comes now the United States of America, the Plaintiff in this matter, and shows the Court the following in support of this Complaint for Forfeiture:

1.

This Court has jurisdiction over this case pursuant to Title

28, United States Code, Sections 1345 and 1355.

2.

Venue is proper in this Court pursuant to Title 28, United States Code, Section 1395.

3.

On or about January 17, 2013, agents of the Internal Revenue Service (IRS), seized $2,153,274.60 from Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXX3766); $1,697,085.05 from JP Morgan Chase Bank Account No. XXXXX6592; and $165,923.46 from JP Morgan Chase Bank Account No. XXXXX2249, pursuant to seizure warrants issued by the Honorable Magistrate Judge Janet F. King, of the Northern District of Georgia (hereinafter "the First Defendant Funds").

4.

On or about January 25, 2013, agents of the Internal Revenue Service seized $45,381.45 from JP Morgan Chase Bank Account No. XXXXXX9680; $67,615.07 from Wells Fargo Bank Account No. XXXXXX9000; $30,140.01 from Wells Fargo Bank Account No. XXXXXX9018; and $26,035.67 from Wells Fargo Bank Account No. XXXXXX8978, pursuant to seizure warrants issued by the Honorable Magistrate Judge Janet F. King, of the Northern District of Georgia (hereinafter "the Second Defendant Funds").

5.

The accounts maintained at Wells Fargo and JP Morgan Chase

were within the jurisdiction and venue of this Court. The First Defendant Funds and the Second Defendant Funds remain in the Northern District of Georgia.

6.

Title 18, United States Code, Section 981(a)(1)(C) states that "[t]he following property, real or personal, is subject to forfeiture to the United States: (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 1028 . . . or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C).

7.

Title 18, United States Code, Section 1956(c)(7)(A) defines "specified unlawful activity" as (A) "any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31." 18 U.S.C. § 1956(c)(7)(A).

8.

Title 18, United States Code, Section 1961(1)(B) defines "racketeering activity" as, *inter alia*, "any act which is indictable under . . . [T]itle 18, United States Code, . . .

[S]ection 1343 (relating to wire fraud) . . . . ." 18 U.S.C. § 1961(1)(B).

9.

Title 18, United States Code, Section 981(a)(1)(A) states that "[t]he following property, real or personal, is subject to forfeiture to the United States: (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section[s] 1956 [or] 1957 . . . or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

10.

Title 18, United States Code, Section 1956(a)(1)(B)(i) states that it shall be illegal when an individual "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of a specified unlawful activity . . . knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(B)(i).

11.

Title 18, United States Code, Section 1957(a) states that it shall be illegal to "knowingly engage[] or attempt[] to engage in a

4

monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity." 18 U.S.C. § 1957.

12.

The IRS has launched numerous investigations into stolen identity refund fraud, whereby individuals use the names and personal identifiers, to include social security numbers, of third parties to file false federal income tax returns, which claim false and fraudulent refunds. The individuals filing the returns then route the false and fraudulent refunds into bank accounts under their control.

13.

The Atlanta Scheme Development Center (SDC), managed by the Internal Revenue Service, Criminal Investigation, detected thousands of electronically filed 2010 and 2011 U.S. Individual Income Tax Returns, Forms 1040 and 1040A, that all reflected the same characteristics. Most returns identified by the Atlanta SDC claimed income tax refunds based on wages, withholding, and refundable tax credits, to include the American Opportunity Tax Credit, that were subsequently verified to be totally false.

14.

The American Opportunity Tax Credit is a tax credit of up to

$2,500 of the cost of tuition, fees and course materials paid during the taxable year. Forty percent of the credit (up to $1,000) is refundable to the taxpayer.

15.

The fraudulent income tax refund scheme identified by the Atlanta SDC solicited innocent taxpayers to apply for a fictitious stimulus payment referred to as a "stimulus payment" or "Free Government Money". Taxpayers were misled into providing their personal identifying information believing that it would be used to issue them a $500 stimulus payment. The information was actually used to prepare fraudulent tax returns which generated refunds in amounts ranging from approximately $1,000 to $1,230. The tax refund would oftentimes be deposited to various accounts via electronic deposit and then $500 payments were made from these accounts to the victims.

16.

On November 3, 2011, Mauricio Warner informed IRS-CI that he and his aunt Patricia Cooper prepared tax returns from his home.

17.

On November 3, 2011, Mauricio Warner informed IRS-CI that when preparing tax returns, he would often select an income amount that would maximize the American Opportunity Tax Credit and that the amounts were at times fabricated.

6

18.

IRS-CI has interviewed at least five individuals whose tax refunds were deposited into two accounts under the control of Mauricio Warner. These individuals stated that the returns that generated the refunds in their names were false and fraudulent, that they did not file the returns, and that they did not give anyone permission to file false tax returns on their behalf.

19.

2,608 tax refunds totaling $3,021,090 were deposited into Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXX3766).

20.

Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXX3766) is in the name of "M Warner Holding Co LLC." Mauricio Warner has had sole signature authority over this account since its opening date.

21.

1,913 tax refunds totaling $2,158,823 were deposited into JP Morgan Chase Bank Account No. XXXXX6592.

22.

JP Morgan Chase Bank Account No. XXXXX6592 is in the name of "M Warner Holding Company." Mauricio Warner has had sole signature authority over this account since its opening date.

23.

267 tax refunds totaling $395,142 were deposited into JP Morgan Chase Bank Account No. XXXXX2249.

24.

JP Morgan Chase Bank Account No. XXXXX2249 is in the name of "M Warner Holding Co LLC DBA Loyalty Music Management Group." Mauricio Warner and "Devekia L. Wells" have had signature authority over this account.

25.

$30,212.90 was electronically transferred from Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXXX3766) into Wells Fargo Bank Account No. XXXXXX4417 in September 2011. $30,212.90 was then withdrawn in cash from Wells Fargo Bank Account No. XXXXXX4417 on September 30, 2011. On that same day, Wells Fargo Bank Account No. XXXXXX9018 received a cash deposit in the amount of $30,212.90.

26.

Mauricio Warner has had sole signature authority over both Wells Fargo Bank Account No. XXXXXX4417 and Wells Fargo Bank Account No. XXXXXX9018.

27.

$26,400 was electronically transferred from Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXXX3766) into Wells Fargo Bank Account No. XXXXXX1669 in September 2011. $25,500.94 was then

withdrawn in cash from Wells Fargo Bank Account No. XXXXXX1669 on September 30, 2011. On that same day, Wells Fargo Bank Account No. XXXXXX9000 received a cash deposit in the amount of $25,500.94.

28.

Mauricio Warner has had sole signature authority over Wells Fargo Bank Account No. XXXXXX1669 and Wells Fargo Bank Account No. XXXXXX9000.

29.

$32,500 was electronically transferred from Wells Fargo Bank Account No. XXXXXX8994 (formerly XXXXXXXXX3766) into Wells Fargo Bank Account No. XXXXXX6424 in September 2011. $29,404.07 was then electronically transferred from Wells Fargo Account No. XXXXXX6424 into Wells Fargo Account No. XXXXXX8978.

30.

On October 11, 2011, Wells Fargo Fargo Account No. XXXXXX8978 also received $33,216 in Automated Clearing House deposits from the U.S. Treasury.

31.

Mauricio Warner has had sole signature authority over Wells Fargo Bank Account No. XXXXXX6424 and Wells Fargo Fargo Account No. XXXXXX8978.

32.

The investigation has determined that $44,019.61 was

electronically transferred from JP Morgan Chase Account No. XXXXX2249 into JP Morgan Chase Account No. XXXXXX9680 in October 2011.

33.

The investigation has determined that JP Morgan Chase Account No. XXXXXX9680 received a tax refund from the U.S. Treasury in the amount of $1,230 on October 14, 2011.

34.

Mauricio Warner and Devekia Wells have had signature authority over JP Morgan Chase Account No. XXXXXX9680.

35.

The First Defendant Funds are forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) as proceeds traceable to a violation of Title 18, United States Code, Sections 1028 or 1343.

36.

The Second Defendant Funds are forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) as proceeds traceable to a violation of Title 18, United States Code, Sections 1028 or 1343 as well as Title 18, United States Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957.

WHEREFORE, the United States prays:

(1) That the Court forfeit the First Defendant Funds to the United States of America;

(2) That the Court forfeit the Second Defendant Funds to the United States of America;

(3) That the Court award the Plaintiff the costs of this action; and

(4) That the Court grant such other relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      SALLY QUILLIAN YATES
                                      UNITED STATES ATTORNEY

                                      THOMAS J. KREPP
                                      ASSISTANT U.S. ATTORNEY
                                      600 U.S. Courthouse
                                      75 Spring Street, S.W.
                                      Atlanta, GA 30303
                                      404/581-6000 (phone)
                                      404/581-6181 (fax)
                                      Admitted Pursuant to
                                      Local Rule 83.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | NO. |
| : | |
| $2,153,274.60 SEIZED FROM : | |
| WELLS FARGO BANK ACCOUNT : | |
| NO. XXXXXX8994 : | |
| (formerly XXXXXXXXX3766); : | |
| $1,697,085.05 SEIZED FROM : | |
| JP MORGAN CHASE BANK ACCOUNT : | |
| NO. XXXXX6592; : | |
| $165,923.46 SEIZED FROM : | |
| JP MORGAN CHASE BANK ACCOUNT : | |
| NO. XXXXX2249; : | |
| $45,381.45 SEIZED FROM : | |
| JP MORGAN CHASE BANK ACCOUNT : | |
| NO. XXXXXX9680; : | |
| $67,615.07 SEIZED FROM : | |
| WELLS FARGO BANK ACCOUNT : | |
| NO. XXXXXX9000; : | |
| $30,140.01 SEIZED FROM : | |
| WELLS FARGO BANK ACCOUNT : | |
| NO. XXXXXX9018; : | |
| $26,035.67 SEIZED FROM : | |
| WELLS FARGO BANK ACCOUNT : | |
| NO. XXXXXX8978; : | |
| : | |
| DefendantS. : | |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Yakieshal Scott, Special Agent with Internal Revenue Service, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my

12

knowledge and belief.

Pursuant to 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 5th day of April, 2013.

_____
YAKIESHAL SCOTT
SPECIAL AGENT
INTERNAL REVENUE SERVICE